IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RICKEY LEE UPSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 619-122 |
| | ) | |
| JESSICA HOWARD; OFFICER HILL; | ) | |
| OFFICER TERRY JONES; PAUL | ) | |
| HOWARD; and CO II MR. HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently incarcerated at Georgia State Prison in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983.  Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).  The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  After a review of

Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.     BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether, while incarcerated, they have brought federal lawsuits dealing with facts other than those involved in the current action, (3) the disposition of any such lawsuits (4) whether they were allowed to proceed IFP in any such lawsuits; and (5) whether

2

any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, pp. 1-3.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the same facts as those involved in the current action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the parties, the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP.  (Id. at 1-2.)

## II.  DISCUSSION

Here, under penalty of perjury, Plaintiff did not identify any other case he had filed, whether dealing with the same or other facts than this case.  (Id. at 1-2.)  However, the Court is aware Plaintiff filed another case in the Statesboro Division of this Court naming three of the same Defendants named in the current case and complaining about alleged use of excessive force while Plaintiff was handcuffed and the failure of the officer in the law library to provide Plaintiff with correct information.[1]  Upshaw v. Howard, et al., CV 618-098, doc. nos. 1, 4 (S.D. Ga. Oct. 1, 2018).  The Court dismissed the 2018 case for failure to follow court orders and failure to prosecute.  Id., doc. nos. 6, 7.

In the current case, Plaintiff again alleges, inter alia, Defendants Jessica Howard and Terry Jones assaulted him while he was handcuffed and Defendant Hill provided him incorrect information from the law library.  Upshaw v. Howard, et al., CV 619-122, doc. no. 1 (S.D. Ga. Dec. 20, 2020).  Furthermore, Plaintiff lists the same grievance number, 271323, as having been filed to present the facts relating to each complaint to the appropriate

---

[1]The three overlapping Defendants are Jessica Howard, Terry Jones, and Ms. Hill. Compare Upshaw v. Howard, et al., CV 618-098, doc. nos. 1, 4 (S.D. Ga. Oct. 1, 2018) with Upshaw v. Howard, et al., CV 619-122, doc. no. 1 (S.D. Ga. Dec. 20, 2020).

grievance committee.  <u>Compare</u> <u>Upshaw</u>, CV 618-098, doc. no. 1, p. 3 <u>with</u> <u>Upshaw</u>, CV 619-122, doc. no. 1, p. 3.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In <u>Rivera</u>, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731; <u>see also</u> <u>Sears v. Haas</u>, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); <u>Redmon v. Lake Cty. Sheriff's Office</u>, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); <u>Young v. Sec'y Fla. Dep't of Corr.</u>, 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, <u>Alexander v. Salvador</u>, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

4

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (per curiam).   As discussed above, Plaintiff's failure to disclose his prior federal lawsuit was blatantly dishonest.  Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

## III.   LEAVE TO APPEAL IFP

The Court should also deny Plaintiff leave to appeal IFP.  Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now.  See Fed. R. App. R. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . .").  An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  See id.; 28 U.S.C. § 1915(a)(3).  Good faith in this context must be judged by an objective standard. See Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)).  A party does not proceed in good faith when seeking to advance a frivolous claim or argument.   See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).  Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit

either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice as a sanction and that this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 12th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA